United States District Court
Southern District of Texas
**ENTERED**
June 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAIAS MIRANDA HERNANDEZ, | § § § | |
| Petitioner, | § § | |
| | § | CIVIL ACTION NO. 4:26-cv-01791 |
| v. | § § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § § § | |
| | § | |
| Respondents. | § | |

## ORDER

The petitioner, Isaias Miranda Hernandez, is a detainee in the custody of United States

Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials.

Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241

challenging his continued detention. (Dkt. No. 1). The federal respondents have filed a

Response and Motion to Dismiss and, In the Alternative, for Summary Judgment. (Dkt. No.

8). The petitioner has replied to the respondents' motion. (Dkt. No. 9). Having considered

the parties' arguments and the applicable legal authority, the Court denies the respondents'

Motion to Dismiss and, In the Alternative, for Summary Judgment and grants in part the

petition for a writ of habeas corpus.

## I.    BACKGROUND

The petitioner, a citizen of El Salvador, entered the United States in November 2018 as

an unaccompanied minor. (Dkt. No. 1 at 1, 5). He was apprehended by DHS near Hidalgo,

Texas, and placed into removal proceedings under section 240 of the Immigration and

Nationality Act.  (*Id.* at 1–2, 5; Dkt. No. 1-1 at 4–6).  The petitioner was transferred to the

custody of the Office of Refugee Resettlement and subsequently released to a sponsor within

the United States. (Dkt. No. 1 at 2, 5).  He has remained in section 240 removal proceedings

since 2018 and has a pending application for asylum.  (*Id.* at 6).

The petitioner was arrested by DHS officers at his home in Houston on January 8, 2026.

(*Id.*).  According to the petition:

> At approximately 6:00 a.m., Petitioner walked from the interior of his home into his physically-attached garage to prepare for work.  Petitioner's brother, Moises Rogelio Miranda Hernandez, arrived in a white work van to pick him up, and Petitioner's brother was handcuffed outside.  When Petitioner opened the garage door, he remained inside the garage at all times.  Petitioner observed four officers in total—two with his brother and two who ran toward Petitioner—and none of the officers displayed identification indicating they were ICE; their faces were covered.
>
> The officers questioned Petitioner and requested identification.  Petitioner complied by providing his Employment Authorization Document and explaining that he had a pending asylum application and valid work permit.  Petitioner never gave permission for the officers to enter his home or garage.  The officers did not present a judicial warrant, did not state they had judicial authorization to enter, and did not ask for permission to enter the garage.  The officers nevertheless crossed the threshold into Petitioner's attached garage, placed Petitioner in handcuffs while he was still inside, and removed him from his home.

(*Id.*) (internal citations omitted).  DHS then issued a Notice to Appear, initiating removal

proceedings.  (*Id.*; Dkt. No. 1-1 at 11).  The Notice to Appear designated the petitioner as "an

alien present in the United States who has not been admitted or paroled."  (Dkt. No. 1-1 at 11).

The petitioner has been detained since his arrest by ICE on January 8, 2026.

The petitioner has no criminal convictions.  (Dkt. No. 1 at 2).  He has resided

continuously in the United Stats since 2018, he has employment authorization, he has been

issued a Social Security number, he pays taxes, and he has maintained steady employment. (*Id.* at 6).

## II.     ANALYSIS

On February 6, 2026, in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) a divided panel of the Fifth Circuit decided the statutory question of whether noncitizens who were present in the United States and who had not been admitted or paroled are subject to detention under 8 U.S.C. § 1225(b)(2).  The statutory question decided in *Buenrostro-Mendez* applies to the petitioner.   However, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [the petitioner] is being detained in violation of [the petitioner's] constitutional right to procedural due process."  *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026).  The Court concludes that the petitioner's continued mandatory detention under § 1225(b), as applied to him, violates his due process rights.[1]

In several recent decisions this Court has addressed similar cases where the petitioner noncitizen was found to have acquired a liberty interest in being free from government detention without due process of law by virtue of living in the United States for a marked period of time and having established connections in this country.  *See Jaimes Landeros v. Warden*, Civil No. 4:26-cv-694 (S.D. Tex., Apr. 27, 2026); *Perales Rios v. Warden*, Civil No. 4:26-cv-950 (S.D. Tex., Apr. 28, 2026); *Perez Garcia v. Warden*, Civil No. 4:26-cv-2027 (S.D. Tex., May 1, 2026); *Guerrero Gomez v. Warden*, Civil No. 4:26-cv-2192 (S.D. Tex. May 1, 2026); *Montes Espinoza v. Warden*, Civil No. 4:26-cv-3070 (S.D. Tex., May 14, 2026).

---

[1] The Court, therefore, does not address the petitioner's other claims because the petition can be resolved on procedural due process grounds.

Similar to the reasons articulated in those cases, the Court finds that the petitioner in this case has a significant private interest in being free from physical detention, that the risk of erroneous deprivation of the petitioner's liberty interest is significant because he has not been afforded any opportunity to be heard regarding his confinement, and that the government's interest does not outweigh the first two factors.  The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission."  *Rodriguez v. Frink*, No. 4:26-CV-00798, 2026 WL 709487, at *10 (S.D. Tex. Mar. 13, 2026).  The petitioner's continued mandatory detention under § 1225(b), as applied to him, violates his due process rights and the petitioner is entitled to relief.

## III.     APPROPRIATE RELIEF

"Habeas is at its core a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  "The typical remedy for such detention is, of course, release."  *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

When a noncitizen "has demonstrated a profound liberty interest in his [or her] freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention . . . immediate release is appropriate."  *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026).  "[A] bond 'hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.'"  *Id.* (quoting *Gonzalez v. Joyce*, 2025 WL 2961626, at *5

4

(S.D.N.Y. Oct. 19, 2025)) (internal quotation marks omitted); *see also Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out.") (citations omitted).

The Court determines that immediate release is the appropriate relief for the unlawful detention in this case. *See, e.g.*, *Aroca v. Mason*, 819 F. Supp. 3d 517, 548 (S.D.W. Va. 2026) ("Petitioners have met their burden of proving that they are being held contrary to law [under the Due Process Clause]. Accordingly, Petitioners' immediate release is warranted.") (internal citation omitted); *Angel v. Noem*, No. 1:26-CV-00384-DAE, 2026 WL 594368, at \*5 (W.D. Tex. Mar. 3, 2026) (holding that the petitioner's procedural due process rights had been violated and that immediate release is the appropriate remedy).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   The respondents' Response and Motion to Dismiss and, In the Alternative, for Summary Judgment (Dkt. No. 8) is **DENIED.**

2.   The petition for a writ of habeas corpus filed by Isaias Miranda Hernandez (Dkt. No. 1) is **GRANTED** in part.

3.   Any other pending motions are **DENIED as moot**.

4.   The respondents are **ORDERED** to release Isaias Miranda Hernandez from custody, under conditions of release (if any) no more restrictive than those in place prior to the detention at issue in this case, **within 24 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before his release**.

5.      The respondents are **ORDERED** to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6.      If the respondents seek to re-detain the petitioner during the pendency of his removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

7.      The parties are further **ORDERED** to **CONFER** and **FILE** a joint status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released and indicating whether this case may be closed.

The Clerk shall send a copy of this Order to the parties.

It is so ORDERED.

SIGNED on June 15, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge